S. D. Hall v. The West Chester Publishing Company. John B. Robinson's Appeal.

180     561
215     ³537
180     561
35 SC ³ 47

180     561
222     ⁴243

*Corporations—Directors—De facto officers—Confession of judgment.*

A judgment confessed by a corporation for a valid debt will not be stricken off because the confession of judgment was not authorized by a board of directors duly elected by the stockholders, where it appears that all of the stockholders were directors, and that vacancies in the board of directors had been filled as they occurred, at directors' meetings.

The number of the directors of a corporation was three. At a meeting at which all of the stockholders were present, the number was increased to five. After this meeting all of the stockholders were directors, and vacancies in the board of directors were filled at the directors' meeting. The board of directors as thus constituted confessed judgment to a person to whom the corporation was lawfully indebted. One of the directors who had served as a director since 1891, under an election not more regular than his associates on the board, petitioned the court to strike off the judgment. *Held*, (1) that the petitioner had no standing to object to the title of the other directors to their offices, or to allege that their action in confessing the judgment was illegal.

*Judgment—Striking off judgment—Practice—Corporation.*

A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court to let the defendant into a defense.

A judgment creditor of a corporation has no standing to ask that a judgment confessed by the corporation, and regular upon its face, shall be stricken off.

A judgment confessed by a corporation for a valid debt, and regular on its face, will not be stricken off because the corporation is insolvent.

Argued Feb. 11, 1897. Appeal, No. 40, Jan. T., 1897, by John B. Robinson, from order of C. P. Chester Co., Oct. T., 1896, No. 69, discharging rule to strike off judgment and to set aside sheriff's sale. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed. STERRETT, C. J., dissents.

Rule to strike off judgment and set aside sheriff's sale of personal property. Before HEMPHILL, P. J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in not setting aside the sale, and in not striking off judgment.

*Wm. M. Hayes*, with him *J. Carrol Hayes* and *T. Speer Dickson*, for appellant.—To open the judgment, was not the relief we were entitled to ask. We were not the defendant to be let into a defense. The company's indebtedness to Hall was not questioned, either wholly or in part, and there was no question of that kind to be determined by a jury after judgment opened. But here was a case to be determined by the court itself, i. e. as to the legal validity of this judgment. And if upon the evidence it appears to the court to be a judgment clearly invalid and void, the court surely has the power to strike it wholly from the records: Bower v. Altland, 8 York, 137; Reeser v. Brenneman, 8 York, 138; Humphreys v. Rawn, 8 W. 78; Banning v. Taylor, 24 Pa. 289; Hutchinson v. Ledlie, 36 Pa. 113; Baker v. Singer Mfg. Co., 122 Pa. 363; Breckwoldt v. Morris, 149 Pa. 293; Moses v. Richardson, 8 B. & C. 421; Knox v. Flack, 22 Pa. 337; Ingersoll v. Dyott, 1 Miles, 245; Bryn Mawr Bank v. James, 152 Pa. 364; Miller v. Neidzielska, 176 Pa. 409; Sarver's App., 81* Pa. 193.

There were no annual elections of directors held, as required by law: Act of April 29, 1874, P. L. 77; In re Lutheran Church, 15 W. N. C. 567; Freedley's Corp. Law, 25; Act of June 17, 1887, sec. 1, P. L. 411; Anderson v. Storage Co., 26 W. N. C. 95.

Nor does it avail anything that the directors and president, if not legally elected, were yet de facto officers of the corporation: Shellenberger v. Patterson, 168 Pa. 30.

The company being insolvent when the judgment was confessed, under all the authorities this judgment could not legally be confessed by these usurping directors to one of their own number, even were they duly elected directors: 17 Am. & Eng. Ency. of Law, 122; Cook on Corporations, sec. 661; 2 Morawetz on Corporations, sec. 787; Hopkins's App., 90 Pa. 69; Neal's App., 129 Pa. 72; Kersteter's App., 149 Pa. 148.

Directors of a corporation occupy a fiduciary relation to it, and they cannot, because they are directors, secure an advantage to themselves not common to other creditors: Hill v. Frazier, 22 Pa. 320; Coal Co. v. Humes, 157 Pa. 278; Aultman's App., 98 Pa. 506; Drury v. Cross, 7 Wall. 302; Coal Co. v.

Sherman, 30 Barb. 571; Butts v. Wood, 37 N. Y. 319; Koehler
v. Iron Co., 2 Black, 715; Spering's App., 71 Pa. 23; Coal Co.
v. Parish, 42 Md. 598; Warner v. Hopkins, 111 Pa. 328;
Brewster's Equity Practice, 269; Watts's App., 78 Pa. 370,
Gravenstine's App., 49 Pa. 320; Bayliss v. L. M. & B. Ry. Co.,
8 Biss. 193.

*Alfred P. Reid,* with him *William Butler, Jr.,* for appellee.
—A refusal to set aside a sheriff's sale is not the subject of
review by this court: Southwest Gas Co. v. Fayette Gas Co.,
145 Pa. 13; Act of June 16, 1836, P. L. 755.

Even if a sale was irregular, a general creditor of the defend-
ant in the execution has no standing to object thereto in the
absence of actual fraud: Yost v. Smith & Co., 105 Pa. 628.

The court cannot strike a judgment from the record except
for irregularity or illegality: O'Hara v. Baum, 82 Pa. 416;
Weigley v. Teal, 125 Pa. 498; Adams v. Grey, 154 Pa. 258;
Allen v. Krips, 119 Pa. 1; Bryn Mawr Bank v. James, 152 Pa.
365; North & Co. v. Yorke, 174 Pa. 349; 2 Cook on Stock and
Stockholders, sec. 754; Tradesman's Nat. Bank's App., 149 Pa.
268; Borton v. Brines-Chase Co., 175 Pa. 209.

Directors once elected, as they were here, continue in office
until the stockholders shall elect others in their stead: Cook
on Stock and Stockholders, sec. 624; Act of May 14, 1891,
P. L. 61.

When a collusive judgment comes into collision with the
interests of creditors they must avoid the effect of it by show-
ing it to be a nullity: Dougherty's Est., 9 W. & S. 189; Thomp-
son's App., 57 Pa. 178; Clark v. Douglass, 62 Pa. 415;
Meckley's App., 102 Pa. 541.

An insolvent corporation may prefer a creditor, by confess-
ing judgment to him, where there is no fraud in the contracting
of the debt, or in the confession of the judgment: Prouty v.
Prouty, 155 Pa. 112; Stratton v. Allen, 16 N. J. Eq. 229.

The appellant has no standing to question the validity of
this judgment and sale. No one but the defendant could do
so: Drexel's App., 6 Pa. 272; Hauer's App., 5 W. & S. 473;
Thompson's App., 57 Pa. 175; Moore v. Dunn & Fell, 147
Pa. 359.

The rule to strike off a judgment is essentially a common

law proceeding: 1 Mitchell on Motions and Rules, 75; Adams v. Grey, 154 Pa. 261.

A stockholder's petition to have a sheriff's sale of the corporate franchises and property set aside, failing to aver when the petitioner became a stockholder and his holding, and to charge collusion, misconduct, or inability to act on the part of the directors, is fatally defective and gives no standing: Southwest Gas Co. v. Fuel Gas Co., 145 Pa. 13; Neal's App., 129 Pa. 64.

OPINION BY MR. JUSTICE FELL, April 12, 1897:

By the petition filed in the common pleas the court was asked to set aside a sheriff's sale of personal property because of the failure of the sheriff to duly advertise the same, and to strike off the judgment by confession under which the sale was made for the reason that the confession was not authorized by a lawfully constituted board of directors. The alleged failure to duly advertise was not sustained by proof. The execution of the judgment note had been authorized by the directors at a regular meeting of the board ten months before the sale. At this meeting four of the five directors were present. It was admitted that the debt for which the judgment note was given was due the plaintiff for money loaned the company. Some of this money had been furnished by him nearly five years before, and a judgment note as to the regularity and validity of which there could be no doubt, was given by the company to him at the time. This note was canceled and the amount due on it was included in the note in question. The merits are strongly with the plaintiff, who was enforcing a judgment given months before for a debt admittedly due, and for which he could have recovered judgment by action.

The apparent informality in the proceedings of the company in maintaining its organization is due to the fact that during the greater part of its existence the board of directors has included all the stockholders, and no distinction has been observed between stockholders' and directors' meetings. The last election of directors at a stockholders' meeting was in 1890, when three directors were elected. At a meeting in 1891, at which all of the stockholders appear to have been present, the number of directors was increased to five, and the appellant

was chosen one of the additional directors, and on his motion the other one was chosen. Since then all the stockholders have been directors, and vacancies in the board of directors have been filled at the directors' meetings as they occurred. The action of the board has thus been the action of the stockholders, and whatever has been done has been done with the consent of all. Under the provisions of the Act of May 14, 1891, P. L. 61, the three original members of the board would hold their offices until their successors were chosen, and it was in the power of the stockholders at any time to increase the number of directors to five. The proceedings have been informal and irregular, but the appellant, who has participated in them, and who has served as a director since 1891 under an election not more regular than that of his associates on the board, has no standing as a stockholder of the company to object to the title of the other directors to their offices. Nor had he a standing as a creditor to ask that the judgment be struck off. The judgment could not have been struck off on the application of the defendant, as there was no irregularity on the face of the record. "A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court to let the defendant into a defense:" O'Hara v. Baum, 82 Pa. 416. The distinction between these rules is very frequently overlooked in practice, and at times, owing to the admission of facts not of record, it has not been observed in the language of the decisions. But as said by Mitchell on Motions and Rules, p. 75: "The rule as stated by Chief Justice SHARSWOOD in O'Hara v. Baum, above quoted, is the true and settled rule, and will always be enforced when the attention of the court is directed to it." See also France v. Ruddiman, 126 Pa. 259; Adams v. Grey, 154 Pa. 258.

The defendant raised no objection to the judgment, and could have raised none; and, as stated by the learned judge of the common pleas, if the application had been to open the judgment, the evidence would not have warranted the court in awarding an issue. The averment of the insolvency of the corporation made in the amendment to the petition, if established by evidence, did not affect the power of the company to make the

note, and the rights of the creditors in the distribution of the assets could not be determined in this proceeding.

The order of the court dismissing the petition is affirmed at the cost of the appellant.

STERRETT, C. J., dissents.