## Weinberg, Appellant, *v.* Morgan.

Argued March 3, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Arthur Silverblatt,* with him *James, McLean, Silverblatt, & Miner,* for appellant.

*John J. McDonald,* for appellees.

OPINION BY RHODES, P. J., June 11, 1958:

This is an appeal from an order of the Court of Common Pleas of Luzerne County making absolute a rule to open a judgment entered by confession upon a warrant of attorney.

On June 18, 1955, defendants entered into a written contract with plaintiff covering the installation of a heating plant in defendants' residence. The contract provided for installation of a Weil McLean used boiler together with five steam radiators at a total price of $623.17; it also contained a clause confessing judgment in favor of plaintiff.

Plaintiff entered judgment which was confessed in the contract in favor of plaintiff and against defendants and issued execution thereon. Defendants filed a petition to open the judgment alleging that the heating plant as installed was defective and inadequate, and that it failed to provide proper heat. Plaintiff filed an answer and depositions were taken. Follow-

324

ing argument the court made the rule absolute and opened the judgment.

"A petition to open a judgment is equitable in nature and is addressed to the judicial discretion of the trial court, and its action will not be reversed in the absence of an abuse of discretion. Gettier v. Friday, 375 Pa. 206, 208, 99 A. 2d 899; Brown & Bigelow, Inc. v. Borish, 165 Pa. Superior Ct. 308, 310, 67 A. 2d 823." *Stein v. Greene,* 178 Pa. Superior Ct. 464, 467, 116 A. 2d 308, 310. This rule of appellate review has often been reiterated. *Brown v. McClure Newspaper Syndicate,* 183 Pa. Superior Ct. 316, 130 A. 2d 721; *Berger v. Pittsburgh Auto Equipment Company,* 387 Pa. 61, 62, 127 A. 2d 334; *Fogel Refrigerator Company v. Oteri,* 391 Pa. 188, 137 A. 2d 225.

In the depositions defendants testified that the boiler as finally installed had been used and was over twelve years old, and that it did not work satisfactorily. It appears that the parties had considerable discussion concerning the type and performance of the installation; and that defendants insisted it was defective and should be removed. The carbon copy of the contract, the blanks having been filled in by plaintiff in his own handwriting, apparently called for a Weil McLean "used" boiler. Defendants insisted that new equipment had been purchased. The word "used" in the contract was difficult to read in the carbon copy.

The court below based its decision to open the judgment principally on the evidence that defendants did not intend to sign a confession of judgment, as this portion of the contract seems to have been filled in subsequently by typewriter whereas the carbon copy contained no such insertions. Further, defendants' signatures were contained in a separate portion of the contract, blocked off and designated as "Acceptance of

Estimate." Plaintiff-appellant does not dispute the evidence which tended to show that the defendants never contracted to be bound by the clause for confession of judgment. However, plaintiff contends on appeal that such a ground cannot be considered as a basis for opening the judgment for the reasons that this point was not raised by the pleadings but by the court below of its own motion, and that such a ground is properly cognizable only on a motion to strike off the judgment and not on a petition to open.

In exercising its discretion to open the judgment, the court properly considered all the evidence before it. Cf. *Sferra v. Urling,* 324 Pa. 344, 346, 347, 188 A. 185. On the evidence before the court a valid defense was shown. Cf. *Frantz Tractor Company, Inc. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A. 2d 303. Since the validity of the confession of judgment was in dispute, together with the terms of the entire transaction, we cannot say as a matter of law that the court below abused its discretion in opening the judgment and giving defendants an opportunity to present a defense.

The inquiry as to whether the blanks authorizing confession of judgment had been filled in before execution and hence whether the confession was in fact signed and authorized by defendants involved factual matters which to some extent were dehors the record. These facts could properly be considered on a petition to open. It is elementary that a motion to strike off is a proper remedy where fatal defects are apparent on the face of the record, but, where the irregularity depends on matters dehors the record, it may be raised on a petition to open the judgment. *Wisor v. Wisor,* 175 Pa. Superior Ct. 233, 103 A. 2d 498. Admittedly a motion to strike and a petition to open are distinct remedies and, generally, not interchangeable. *Hamborsky v. Magyar Presbyterian Church,* 78 Pa. Supe-

rior Ct. 519, 522. However, in the present appeal we cannot say that the issue as to whether defendants in fact signed the confession clause was not before the court under the petition to open and the evidence. Appellant has not shown that the court below abused its discretion in opening this judgment.

The order is affirmed.