364 A.2d 503

**Bob MATLOCK, t/a Bob Matlock's Auto Body Repairs, Appellant,**

**v.**

**Barbara LIPARE, Appellee.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

168

Leonard N. Zito, David A. Martino, Bangor, for appellant.

Elwood M. Malos, Easton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The instant case arises on appeal from an Order of the Court of Common Pleas of Northampton County striking off a judgment entered by a Justice of the Peace

in an assumpsit action. The lower court held that judgment had to be stricken due to its *entry* on a date more than five days after the date of the hearing on the assumpsit action. In doing so, the lower court relied upon Rule 322 of our Pennsylvania Rules of Conduct, Office Standards and Civil Procedure for Justices of the Peace.[1] The appellant, who instituted the action as plaintiff before the Justice of the Peace, and obtained judgment in that forum, raises several points on appeal. Due to confusing inconsistencies in the record and briefs of the parties before our Court, and questions which we feel must be further explored by the trial court, we remand this matter for further review by the lower court.

The parties have taken varying positions in their briefs as to the relevant events which transpired in this case prior to its appeal to our Court. The record has aggravated, rather than clarified that history. Seemingly, both parties agree that a hearing was held before the Justice of the Peace on the assumpsit claim[2] on June 17, 1974. All events which transpired thereafter seem to be in doubt. The appellant's brief recites that: "District Magistrate John Rice Jones requested that defendant produce the automobile. The defendant failed to produce the automobile and judgment was entered for plaintiff. Notification was given to the defendant on July 24, 1974." Of course, the date of entry of judgment is crucial in light of the lower court's determination. When reference is made to the *copy* of the complaint contained in the original record, it is set forth (above the purport-

1.  Rule 322. Judgment
    Judgment shall be given at the conclusion of the hearing or within five (5) days thereafter and shall be entered on the complaint form. The judgment shall include a separate entry for costs in favor of the party for whom the judgment was rendered.

2.  The action, according to the *copy* of the original complaint contained in the record before our Court, was based upon the alleged failure of defendant-appellee to pay plaintiff-appellant for repairs performed by the latter on an automobile possessed by the former.

ed signature of the Justice of the Peace) that judgment was *entered* on June 17, 1974 (the date of the hearing) while *notice* of judgment was given on July 24, 1974. The appellee, both in the court below, and on this appeal, contends that judgment was entered on July 24, 1974. In support of this position, appellee furnishes a copy of a letter from the Justice of the Peace to appellant's counsel, dated July 24, 1974, indicating specifically that: "Judgment entered this twenty fourth day of July 1974." This letter was apparently sent from appellant's counsel to appellee's counsel on September 6, 1974 with a request for payment. However, an exhibit attached to an answer filed by appellant in the lower court shows an August, 1974 communication from appellant's counsel to appellee's counsel which states that: "On June 17, 1974 we received notice from [the Justice of the Peace] that judgment had been entered for the plaintiff."

The serious confusion which exists is not lessened to any extent by the allegations and responses of counsel in either the petition to strike or the answer thereto filed with the lower court or even in the briefs to our Court. Considering the present state of the record we deem it inappropriate as an appellate court to delve more deeply into the legal merits of this dispute when such obvious material factual uncertainties exist. Such problems require further review by the lower court.

In its review, the lower court must be guided by certain principles. A petition to strike off a judgment is a different remedy than a petition to open a judgment; the two are not interchangeable. *Weinberg v. Morgan,* 186 Pa.Super. 322, 142 A.2d 310 (1958). A petition to strike is proper when one complains of irregularities appearing on the face of the record. *Cameron v. Great Atlantic & Pacific Tea Co.,* 439 Pa. 374, 266 A.2d 715 (1970); *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). On the other hand, an application to open the

judgment is appropriate where the alleged irregularity is a matter dehors the record and where evidence relating to the cause of action must be introduced to support the application. *Wilson v. Vincent,* 300 Pa. 321, 150 A. 642 (1930); *Goldberg v. Altman,* 190 Pa.Super. 495, 154 A. 2d 279 (1959). Moreoever, it is always necessary to compare a petition and answer in these cases to determine what facts must be taken as true because of either admission or response in the answer. See generally *Vallish v. Rapoport,* 364 Pa. 25, 70 A.2d 616 (1950), a case involving a petition to open a judgment. Last, the timeliness of the application (for a judgment to be stricken) is a factor for consideration. *Nixon v. Nixon, supra.* The lower court must reexamine this case, in light of these concepts, to clarify the confusing state of the record so as to permit meaningful appellate review.

Remanded with a procedendo.