363 A.2d 1198

**Robert L. REDDICK and Patricia D. Reddick**

v.

**Ann E. PUNTURERI, Appellant, Betty Lewis t/d/b/a Key Realty Company.**

Superior Court of Pennsylvania.

Argued April 13, 1976.

Decided Sept. 27, 1976.

William C. Robinson, Henninger & Robinson, Butler, for appellant.

Lee C. McCandless, McCandless, Chew & Krizner, Butler, Joseph W. Conway, Conway & Stabile, Pittsburgh, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from the Order of August 2, 1975, finalizing a Decree Nisi and dismissing exceptions thereto filed by the present appellant. Appellees are husband and wife who had agreed to purchase certain real estate in Butler County, Pennsylvania, from its owner, the appellant. Key Realty was the agent, and Betty Lewis, its broker; neither of them is appealing. In their Complaint, appellees alleged that they had moved into the property prior to closing and found certain items and fixtures removed from the premises, these being included in the purchase price pursuant to the agreement of sale. Appellees demanded a pro rata abatement in the purchase price; the appellant refused to make any abatement and the parties could not close the transaction. Appellees then on July 15, 1975, sued for specific performance and an abatement of the purchase price to the extent that they had received less than had been agreed upon. Appellant filed preliminary objections alleging that appellees had a remedy at law, that a copy of the agreement had not been attached to the complaint, and that appellees had not stated a cause of action against appellant.[1] On September 6, 1974, the following Order was entered:

## "ORDER OF COURT

NOW, September 6, 1974, after a conference in chambers with the above named attorneys, this Court, on its own motion, makes the following order:

1. Plaintiff and defendant, Mrs. Puntureri, are directed to close their real estate transaction pursuant to their agreement of May 8, 1974.

---

1. Preliminary objections were filed by Key Realty and Betty Lewis, but they are not the subject of our present deliberations as the parties on behalf of whom they were filed are not parties to this appeal.

2. Plaintiffs are to pay Mrs. Puntureri the additional sum of $630.00, being rent and interest due to delay in closing.

3. The proceeds of sale, including the aforementioned $630.00, less seller's share of closing costs, are to be delivered to Mrs. Puntureri with the exception that from said sum, there is to be deducted the sum of $1851.00 which is to be delivered to the Prothonotary and deposited at this number and term to be held until the litigation in this proceeding is decided. The $1851.00 consists of $166.00 of Mrs. Puntereri's fund and $1685.00 being balance due Mrs. Betty Lewis, on her real estate commission.

4. The Court is to be advised when the matter is closed so that appropriate steps can be taken to complete this proceeding.

5. Mrs. Betty Lewis is restrained from instituting any other proceedings to collect her real estate commission." [2] The next thing that happened was on March 17, 1975 when Betty Lewis filed a petition for the payment to her of her commission from the fund in the hands of the Prothonotary. By its Order of March 17, 1975, the lower court set June 4, 1975, as the date for an evidentiary hearing on the matter of disposition of the funds held by the Prothonotary.[3] During this hearing counsel for appellant objected to the proceedings on the ground that his preliminary objections to the original complaint in equity remained outstanding; the objection was overruled. On June 6, 1975, the court below entered an Adjudication

**2.** This Order apparently was the result of a meeting by counsel for all parties in judicial chambers, scheduled according to Orders setting September 4, 1974, as the date for oral argument on all preliminary objections filed. However, the record is silent as to whether oral argument was ever had or any disposition made of the preliminary objections.

**3.** This March 17 Order read that it would be held pursuant to a "petition for refund of security" filed by Betty Lewis. Although specific disposition of this petition does not appear of record, we must consider that the Adjudication and Decree disposes of the prayer of the petition.

and Decree Nisi wherein it determined the value of the allegedly missing items to be $750 and assessed the financial responsibilities therefor equally upon appellant and Betty Lewis. Appellant excepted to the decree claiming that her preliminary objections had not been decided and that the matter·was thus not at issue. It is the Order finalizing the Decree Nisi and dismissing the exceptions which is now before us.

Appellant presents one issue—that the case was not in a posture for hearing and determination on its merits while her preliminary objections remained undisposed of and still outstanding. Preliminary objections are a form of pleading allowable in equity. *Pa.Rule of Civil Procedure* 1509, as it relates back to Rule 1017(b). Rule 1028 is the logical extension of Rule 1017 and provides for the substantive requirements and handling of the objections. It points out that "the court shall determine promptly all preliminary objections". Before a case can be considered ripe for consideration of its merits, either by trial or other hearing, the pleadings must be closed. Implicit in this holding is the requirement that all preliminary objections—a part of the pleadings—be disposed of by the trial court.

In the instant case, even though the June 4 hearing was denominated an evidentiary hearing on a "petition for refund of security", it is evident that the Decree Nisi which resulted determined the defendants' liabilities in respect to the plaintiffs below, and this without determination of appellants' preliminary objections or allowance of answer to the complaint. The gravamen of the complaint was an abatement of the purchase price, and this was judicially finalized by the August 2 Order.[4] This case was not at issue for final determination.

4. The problem is compounded by the September 6 Order, which directed a closing, clearly a partial decision on the merits. At the time of this Order, the preliminary objections were still outstanding. We note that no appeal was taken from this Order.

Appellees urge that "niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice." *Godina v. Oswald,* 206 Pa.Super. 51, 211 A.2d 91, 93 (1965). We do not consider the instant preliminary objections a mere nicety of procedure. Appellant, as was her right, was seeking a striking of the complaint, alleging its non-conformity to rule of Court, and was raising a demurrer. Had the objections been decided in her favor, her position by way of defense to this action could have been substantially altered. Had the objections been dismissed, appellant would have been permitted to raise defense by way of answer. As it happened, appellant is now ordered to pay money to the appellees and the merits of the complaint have been decided without affording appellant a right to raise a defense. To slight out procedural rules in this way may very well work prejudice to appellant's cause.[5]

Because of the procedural defects in this case it is necessary to remand it to the court below. The Order of the court below dated September 6, 1974, from which no appeal was taken will not be disturbed. That part of the court below dated September 6, 1974, from which appellant responsible for $375 due to the appellees, directs appellant to pay the Prothonotary the sum of $209 plus her pro rata share of the costs and directs the Prothonotary to pay $166 to appellees from appellant's money held by the Prothonotary, together with the $209 which the appellant is directed to pay to the Prothonotary (the same $209 payment herein vacated) is vacated and set aside and the case is remanded for the purpose of determining what responsibility the appellant, Betty Lewis, Key Realty Company and the appellees have inter sese

---

5. We recognize that appellant's counsel was present at the June 4 evidentiary hearing and was not prohibited from objecting to the proceeding. This was an evidentiary hearing on a collateral matter. It is incomprehensible how this evidentiary hearing could take the place of a trial on the merits.

with respect to the adjustment, if any, of the purchase price for the real property which is the subject of this case in accordance with our holdings hereinabove. All other parts of the final decree of the court below are to remain in full force and effect.