384 A.2d 931

**ADVANCE BUILDING SERVICES COMPANY, Appellant,**

v.

**F & M SCHAEFER BREWING COMPANY, Appellee.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Argued April 13, 1978.

580

Stephen A. Sheller, Philadelphia, for appellant.

William E. Schantz, Allentown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal has been taken from the order of the lower court, dated December 28, 1977, striking a default judgment entered against appellee. Appellant contends that the motion to strike was improperly granted because no irregularities appeared on the face of the record sufficient to justify the lower court's action. For the reasons that appear below, we affirm.

 Appellant filed a complaint in assumpsit on October 31, 1974, alleging that appellee had breached a contract pursuant to which appellant was to render janitorial services for appellee. On November 15, 1974, appellee filed preliminary objections in the nature of a motion to strike the complaint, a motion for a more specific complaint and a demurrer. In response, appellant filed an amended complaint on December 12, 1974.[1] Appellee neither filed new preliminary objections to the amended complaint nor set down its original preliminary objections for argument, and on April 8, 1976, appellant took a default judgment in the amount of $70,827.24. On April 15, 1976, appellee filed a petition to open and/or strike the judgment,[2] which was granted by Judge Mellenberg.

1. Although the amended complaint was filed without leave of the court or consent of appellee more than ten days after the filing of the preliminary objections, appellee waived this defect by failing to object. See Pa.R.C.P. 1028(c), 1033.

2. A petition to strike is, of course, a totally different remedy from a petition to open. A petition to open is appropriate when the alleged irregularity involves a matter dehors the record. Matlock v. Lipare, 243 Pa.Super. 167, 169, 364 A.2d 503, 504 (1976), citing Weinberg v. Morgan, 186 Pa.Super. 322, 142 A.2d 310 (1958).

It is axiomatic that a motion to strike will not be granted unless a fatal defect in the judgment appears on the face of the record. *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972); *Cameron v. Great Atlantic and Pacific Tea Co.*, 439 Pa. 374, 266 A.2d 715 (1970); *Hall v. West Chester Publishing Co.*, 180 Pa. 561, 37 A. 106 (1897). If the record is self-sustaining, the judgment cannot be stricken. *Fleck v. McHugh*, 241 Pa.Super. 307, 311, 361 A.2d 410, 412 (1976); *Policino v. Ehrlich*, 236 Pa.Super. 19, 345 A.2d 224 (1975).[3]

 The presence of preliminary objections which have not been disposed of is a fatal defect, readily apparent from the face of the record,[4] which is sufficient to permit the striking of a default judgment. *Fire Adjustment Bureau, Inc. v. Warhoftig*, 58 D & C 2d (C.P.Phila.1972) aff'd per curiam, 224 Pa.Super. 756, 301 A.2d 888 (1973). This is so because until the preliminary objections have been resolved in some manner, the defendant is not obligated to file an answer. *See Reddick v. Puntureri*, 242 Pa.Super. 138, 363 A.2d 1198 (1976) Pa.R.C.P. 1028(d). Appellant contends, however, that its amended complaint cured appellee's original preliminary objections and that, therefore, there were no preliminary objections outstanding at the time the default judgment was entered.

 This argument begs the question by assuming that the amended complaint adequately cured the defects to which appellee's preliminary objections were addressed. Whether or not this is true is a question which can be resolved only by the trial court. If the amendment in fact removed all errors in the original complaint, the lower court should have dismissed the preliminary objections prior to the prothonotary's entry of a default judgment. 2 Goodrich

3. The motion to strike operates as a demurrer to the record. *Master Homecraft Co. v. Zimmerman*, 208 Pa.Super. 401, 222 A.2d 440 (1966).

4. Although the lower court's opinion refers to a letter not contained in the record as an indication that appellant was aware of appellee's dissatisfaction with the amended complaint, the existence of outstanding preliminary objections can be discerned without resort to matters dehors the record.

Amram 2d § 1028(c):1, at 248. Appellee, defendant below, had the option of ordering its original preliminary objections down for argument if it was not satisfied that the amendment had cured all of the alleged errors.[5] *Id.* That it did not do so may, perhaps, be criticized in light of the desirability of streamlining pleading practices. Be that as it may, appellant was equally capable of expediting matters by setting the preliminary objections down for argument.[6] *See Brandeis v. Kenny,* 31 D & C 2d 347 (C.P.Montg.1963). Since neither party, nor the lower court, had taken any action to dispose of the preliminary objections, they were still outstanding at the time the default judgment was entered. Judge MELLENBERG therefore properly struck the judgment.

Affirmed.

SPAETH, J., files a dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I find no defect of record. Appellant's amended complaint replaced the original complaint. If appellee wished to object to the amended complaint, it had to file preliminary objections stating the objections; if it had no objections, it had to file an answer. Appellee did neither. It was therefore in order for appellant to enter judgment on the amended complaint for failure of an answer. I should therefore

---

5. If, on the other hand, the amendment contains new errors, the opposing party must attack them by filing new preliminary objections. 2 Goodrich Amram 2d § 1028(c):1, at 249. This appellee did not do. *See* note 1, *supra.*

6. The cases cited by appellant as standing for the proposition that by setting down the preliminary objections for argument it would have waived any right to later take a default judgment are inapposite. Both *Downes v. Hodin,* 377 Pa. 208, 104 A.2d 495 (1954) and *Russ Soda Fountain Co. v. Victor Pastry Shoppe, Inc.,* 125 Pa.Super. 452, 190 A. 376 (1937) deal with the plaintiff's waiver of a possible default judgment by electing to proceed to trial. Here no possibility of a default judgment exists to be waived until the preliminary objections are disposed of.

reverse and remand for consideration of the petition to open the judgment.