J-A14027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CONNOR A. GOSSETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE EXCHANGE AND | : | |
| STEWARTS FIBER & CABLE, INC. | : | |
| | : | No. 1651 WDA 2018 |
| | : | |
| APPEAL OF: ERIE INSURANCE | : | |
| EXHANGE | : | |

Appeal from the Order Entered, October 23, 2018,
in the Court of Common Pleas of Beaver County,
Civil Division at No(s):  10057-2018.

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JULY 15, 2019**

Erie Insurance Exchange appeals from an order of the trial court granting Plaintiff Connor A. Gossett's motion for judgment on the pleadings. The trial court simultaneously denied Erie's cross-motion for judgment in its favor. After review, we affirm.

A negligent, underinsured, third-party driver struck a traffic-control signal and pinned Mr. Gossett against his work truck.  Mr. Gossett, who was outside installing cable for his employer at the time, was severely injured in the accident.   The third-party driver's insurance was insufficient to compensate Mr. Gossett for all of his injuries.  Mr. Gossett therefore sought to collect underinsured motorist benefits from Erie under the terms of his employer's insurance policy.

Erie disputed the amount of UIM coverage available, so Mr. Gossett filed a declaratory judgment action against it. At the close of the pleadings, both parties sought judgment as a matter of law and agreed that no factual issues were in dispute. At issue was whether the insurance policy between Mr. Gossett's employer and Erie provided first-party uninsured/underinsured (UM/UIM) coverage in an amount lesser than the third-party coverage. Specifically, the parties disputed whether a form attached to the policy, which was signed by Mr. Gossett's employer but contained blank lines for the amount of reduced UM/UIM coverage, could bind the insured (and Mr. Gossett) to a lesser amount of UIM coverage.

After studying the pleadings, the contract, various forms accompanying it, and the law, the trial court concluded that no such contractual limitation on UM/UIM coverage had occurred. The court thus awarded declaratory judgment on the pleadings in favor of Mr. Gossett, and this appeal followed.

When reviewing a grant or denial of judgment on the pleadings, our scope of review is plenary, and our standard of review is *de novo*. **Altoona Regional Health System v. Schutt**, 100 A.3d 260, 265 (Pa. Super. 2014). Moreover, "every material and relevant fact well-pleaded and every inference fairly deducible therefrom are to be taken as true." **Baker v. Rangos**, 324 A.2d 498, 508 (Pa. Super. 1974).

We may affirm a judgment on the pleadings only if:

> there are no disputed issues of fact, and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its

> consideration to the pleadings and relevant documents. On appeal, we accept as true all well-pleaded allegations in the complaint . . . . Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

***Rubin v. CBS Broadcasting, Inc.***, 170 A.3d 560, 564 (Pa. Super. 2017).

The Honorable James J. Ross, writing for the Court of Common Pleas of Beaver County, authored a very extensive, well-reasoned opinion supporting his decision to grant judgment on the pleadings to Mr. Gossett. Following our review of his opinion, the record, and the parties' briefs and oral arguments, we agree with the trial court. Because it thoroughly addresses the matters raised on appeal, we adopt, as our own, the trial court's opinion dated October 23, 2018 (finding as a matter of law that the Erie policy Mr. Gossett's employer purchased did not provide for first-party, UM/UIM coverage in an amount lesser than the third-party, bodily injury coverage contained in the policy, because the alleged application for lesser coverage did not meet the requirements of section 1734 of Pennsylvania's Motor Vehicle Financial Responsibility Law).

We direct the parties to attach a copy of Judge Ross's opinion to this Memorandum in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2019