IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis L. Smith; Constance A. Smith;: :
Sandra L. Smith; Jean Claycomb; :
Kevin Smith; Elaine Snivley; :
Julie Bonner; and James Smith, :
                Appellants :
  :
       v. : No. 111 C.D. 2017
  : ARGUED: June 5, 2017
Ivy Lee Real Estate, LLC; George E. :
Kensinger; Dona L. Kensinger; :
Melvin Shoenfelt, Jr.; Lisa C. :
Shoenfelt; Michael J. Macovitch; :
Paula M. Dick; Roger L. Bowser; :
Elaine K. Bowser; Erma Mae Snyder; :
Tyne N. Palazzi; Sky E. Pote; First :
Energy Corp.; Billie Jean Emert; :
Travis A. Keagy; James S. Frederick; :
Connie J. Frederick; Tamara J. Ogg; :
and all other Persons Claiming any :
Interest in the Property Described in :
this Action :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION BY
JUDGE HEARTHWAY          FILED: June 27, 2017

Appellants[1] (Smith Family) appeal from the March 18, 2016 order of the Court of Common Pleas of Blair County (trial court) denying the Smith Family's request for injunctive relief under Count II of its Amended Complaint. We reverse and remand the matter to the trial court.

---

[1] The Appellants are Dennis L. Smith, Constance A. Smith, Sandra L. Smith, Jean Claycomb, Kevin Smith, Elaine Snivley, Julie Bonner, and James Smith.

The Smith Family owns land in Taylor Township, Blair County. Ivy Lee Real Estate, LLC (Ivy Lee) owns an adjacent parcel of property. On October 29, 2015, the Smith Family commenced this action against Ivy Lee by a two-count complaint. Subsequently, by consent, the Smith Family filed an amended three-count complaint naming additional defendants. Relevant here is the requested injunctive relief against only Ivy Lee in Count II of the Amended Complaint.

In Count II of its Amended Complaint, the Smith Family alleges that Ivy Lee has engaged in construction activities that constitute "land development" under the Taylor Township Subdivision and Land Development Ordinance (SALDO). (R.R. at 120a, Amended Complaint (AC) ¶ 52.) The Smith Family further alleges that Ivy Lee has not submitted a land development plan as required by the SALDO and that Ivy Lee's plan does not conform to the SALDO's requirements. (R.R. at 120a, AC ¶ 54.) The Smith Family alleges that Ivy Lee's violations of the SALDO prevent the Smith Family from using certain property and from accessing its property. (R.R. at 120a-21a, AC ¶ 55.) The Smith Family seeks, among other things, a permanent injunction against Ivy Lee preventing construction activities unless and until Ivy Lee complies with the SALDO. (R.R. at 121a.) The Smith Family contends that even though Taylor Township has

2

refused to enforce the SALDO in this circumstance,[2] the Smith Family can bring a private enforcement action under the Pennsylvania Municipalities Planning Code (MPC),[3] specifically section 617, 53 P.S. § 10617.

The trial court held an evidentiary hearing, and subsequently issued an opinion and order denying the Smith Family's request for injunctive relief in Count II.[4] The trial court ruled that the Smith Family does not have standing to enforce the SALDO pursuant to section 617 of the MPC. The trial court determined that section 617 creates a private cause of action solely for zoning violations, and Taylor Township does not have a zoning ordinance. In making this determination, the trial court relied on the fact that section 617 is contained in the subchapter of the MPC entitled "zoning," and also stated that almost all existing case law has applied section 617 in the context of zoning.

The Smith Family now appeals from the trial court's order to this Court, arguing that the trial court erred by holding that a private cause of action does not exist under the MPC to enforce alleged violations of a SALDO, and thus, that the trial court erred in denying the Smith Family's request for injunctive relief.

---

[2] It is the Township's position that Ivy Lee's activities do not constitute "land development."

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101 - 11202.

[4] The order deferred ruling on Counts I and III of the Complaint, concerning quiet title as to all defendants and declaratory relief as to Ivy Lee only, respectively. The trial court also deferred ruling on Ivy Lee's counterclaim for wrongful use of civil proceedings.

The Smith Family points to language in section 617 of the MPC allowing for a private cause of action for a "violation of any ordinance enacted under this act" and contends that "this act" refers to the entire MPC, not just the zoning article. Therefore, the Smith Family contends that because the Township's SALDO was passed pursuant to the "act," meaning the entire MPC, it has a private cause of action under section 617 to enforce the SALDO. The parties do not dispute that Taylor Township has enacted a SALDO pursuant to the MPC and that it has no zoning ordinance.

Succinctly put, we are asked to determine whether section 617 of the MPC permits a private cause of action to enforce a SALDO. Because the issue before this Court presents a question of statutory construction, it raises a pure question of law subject to our plenary review. *Southeastern Reprographics, Inc. v. Bureau of Professional & Occupational Affairs*, 139 A.3d 323 (Pa. Cmwlth. 2016). In cases involving a question of statutory interpretation, we are subject to the rules of statutory construction as set forth by the General Assembly in the Statutory Construction Act of 1972.[5] *Commonwealth v. Berryman*, 649 A.2d 961 (Pa. Super. 1994). When interpreting a statute, our role is to ascertain the intent of the General Assembly and give that intention effect. Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(a); *Mishoe v. Erie Insurance Company*, 824 A.2d 1153 (Pa. 2003).

---

[5] 1 Pa. C.S. §§ 1501 – 1991.

4

"Thus, if possible, statutes must be construed so that every word is given effect."

*Mishoe*, 824 A.2d at 1155; *see* 1 Pa. C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b).

> Section 617, entitled causes of action, provides in relevant part:

> In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used *in violation of any ordinance enacted under **this act*** or prior enabling laws, the governing body or, with the approval of the governing body, an officer of the municipality, or any aggrieved owner or tenant of real property who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation.

53 P.S. § 10617 (emphases added).

The issue presented boils down to whether the phrase, "in violation of any ordinance enacted under this act" pertains to alleged violations of any ordinance enacted under the MPC or whether it pertains only to alleged violations of any ordinance enacted under Article VI of the MPC. We are persuaded by the Smith Family's apt arguments and analysis set forth in their brief. We agree that,

5

as written, the plain language of section 617 permits a private cause of action to enforce an alleged violation of any ordinance enacted under the MPC, including a SALDO.

The term "act" is not defined under the MPC, *see* section 107 of the MPC, 53 P.S. § 10107, nor is it defined under the Statutory Construction Act of 1972, *see* 1 Pa. C.S. § 1991. Words and phrases in a statute are ordinarily defined according to their common usage. *See* 1 Pa. C.S. § 1903(a); *Mishoe*. Commonly, the term "act" is construed to be "the formal product of a legislative body: … STATUTE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 19 (2002) (emphasis in original). The MPC was originally passed as a single enactment of the General Assembly, namely the Act of July 31, 1968, P.L. 805, No. 247.[6] Elsewhere in the MPC, when the term "act" is used, it clearly refers to the MPC as a whole. For example, section 101 of the MPC states that "*[t]his act* shall be known and may be cited as the 'Pennsylvania Municipalities Planning Code.'" 53 P.S. § 10101 (emphasis added). Section 102 provides that "*[t]his act* shall take effect January 1, 1969." 53 P.S. § 10102 (emphasis added). Section 107 provides that "[t]he following words and phrases when used in *this act* shall have the meanings given to them in this subsection …." 53 P.S. § 10107 (emphasis added).

---

[6] The MPC consists of several articles, including Article V, which heading reads "Subdivision and Land Development" and Article VI, which heading reads "Zoning." The MPC was subsequently reenacted and amended by the Act of December 21, 1988, P.L. 1329.

6

Additional uses of the phrase "this act" elsewhere in the MPC also refer to the entire MPC.[7]

Notably, there are other instances in Article VI where language other than "this act" is used, thereby evidencing an intent to apply that particular provision to only a specific part of the MPC rather than the entire MPC. For example, section 619 of the MPC entitled exemptions states, "[t]his *article* shall not apply to any existing or proposed building …." 53 P.S. § 10619 (emphasis added). Similarly, section 619.1 of the MPC (entitled transferable development rights) states, "[t]o and only to the extent a local ordinance enacted in accordance with this *article* and Article VII [entitled planned residential development] so provides …." Section 619.1 of the MPC, *added by* Act of December 21, 1988, P.L. 1329, 53 P.S. § 10619.1 (emphasis added).

Also noteworthy is that elsewhere in Article VI, the phrase "ordinance enacted under this act" is qualified to specify a zoning ordinance, which is in stark contrast to the language of section 617 which simply pertains to a "violation of *any ordinance* enacted under *this act*[,]" 53 P.S. ¶ 10617 (emphasis added). For

---

[7] *See e.g.*, section 103 of the MPC, 53 P.S. § 10103 (stating "[t]he provisions of this act shall not effect"); section 104 of the MPC, 53 P.S. § 10104 (stating "[t]he provisions of this act shall be severable"); section 105 of the MPC, 53 P.S. § 10105 (stating "[i]t is the intent, purpose and scope of this act to protect and promote safety, health and morals"); section 109 of the MPC, 53 P.S. § 10109 (stating "[i]n any case in which mailed notice or electronic notice is required by this act").

example, section 616.1 pertaining to enforcement notices provides that "[i]f it appears to the municipality that a violation of *any zoning ordinance enacted under this act* or prior enabling laws has occurred, ...." Section 616.1 of the MPC, *added by* Act of December 21, 1988, P.L. 1329, 53 P.S. § 10616.1 (emphases added). Likewise, section 617.2 provides that "[a]ny person, partnership or corporation who or which has violated or permitted the violation of the provisions of *any zoning ordinance enacted under this act* ...." Section 617.2 of the MPC, *added by* Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2 (emphases added).

Thus, when read in the context of the entire MPC, it is clear that "this act" refers to the MPC as a whole and not merely Article VI, the zoning article. The plain language of section 617 applies to alleged violations of "any ordinance enacted under this act," the act being the MPC, and not to only alleged violations of any ordinance enacted under article VI of the MPC. This latter interpretation, as found by the trial court, would require this Court to insert language into or otherwise redraft section 617. That is not the role of this Court; that would be the role of the General Assembly.

Moreover, the fact that section 617 is contained within the zoning article of the MPC is not dispositive. While headings prefixed to titles and articles of a statute may be used to aid in the construction thereof, they "shall not be

8

considered to control ….” 1 Pa. C.S. § 1924. Here, the trial court erred by allowing the title of the article to control in disregard for the plain language of section 617.

Additionally, we disagree with the trial court that the fact that there are apparently no appellate cases applying section 617 outside of the zoning context is dispositive. Although we also could find no cases outside of the zoning context, notably, no one has pointed to any case, nor could we find any, that has expressly limited the enforcement of ordinances under section 617 to only zoning ordinances. The lack of case law does not necessarily mean that it cannot be done, only that this exact question has not been decided before.

Lastly, we disagree with Ivy Lee that the Smith Family's action is precluded by sections 515.1 and 515.3 of the MPC, *added by* Act of December 21, 1988, P.L. 1329, 53 P.S. §§ 10515.1 & 10513.3. Ivy Lee argues that section 515.1 of the MPC deals specifically with subdivision and land development and states that “[i]n addition to other remedies, the municipality may institute and maintain appropriate actions by law or in equity” to abate violations but does not state that individuals can do so. Ivy Lee also relies on section 515.3 of the MPC, which also is in the article entitled Subdivision and Land Development. Section 515.3 of the MPC relates to enforcement and provides for civil penalties against anyone who

9

has "violated the provisions of any subdivision or land development ordinance enacted under this act …." 53 P.S. § 10515.3(a). Subsection (c) of that section further provides that "[n]othing contained in this section shall be construed or interpreted to grant to any person or entity other than the municipality the right to commence any action for enforcement pursuant to this section." 53 P.S. § 10515.3(c). Ivy Lee maintains that based on this clear language only the municipality can bring an action to enforce a SALDO. We disagree.

While section 515.1 states that the municipality may institute an action, this language is not inconsistent with the language of section 617 which gives individuals the right to bring a cause of action for "a violation of any ordinance enacted under this act." Additionally, section 515.3 is irrelevant because it is limited to civil penalties and has no application to the Smith Family's private cause of action seeking injunctive relief under section 617. Moreover, the plain and unambiguous language of section 515.3(c) applies only to "this section," meaning section 515.3, 53 P.S. § 10515.3. Thus, the prohibition on anyone other than the municipality bringing an action relates only to an enforcement action seeking civil penalties.

Additionally, we note that a nearly identical provision to section 515.3 exists in section 617.2, which allows municipalities to seek civil penalties for

10

zoning violations.[8] Like section 515.3(c), section 617.2(c) contains an identical prohibition which allows only municipalities to bring an action for civil penalties. Thus, given the identical language of section 515.3(c) and 617.2(c), if we were to accept Ivy Lee's argument and take it to its logical conclusion, then section 617.2(c) would also prohibit parties other than municipalities from bringing a cause of action for zoning violations under section 617. Such prohibition would be contrary to the plain language of 617, as well as case law. *See Siegmond v. Duschak*, 714 A.2d 489 (Pa. Cmwlth. 1998) (involving complaint in equity seeking enforcement of zoning ordinance). In other words, were we to accept Ivy Lee's interpretation of this prohibitory language and apply it to a context beyond enforcement by means of civil penalties, that would mean that the MPC both permits (under section 617) and prohibits (under section 617.2) non-municipalities from bringing a private cause of action. This would either lead to an absurd result

---

[8] Section 617.2 provides in relevant part:

> (a) Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof….
>
> …
>
> (c) Nothing contained in this section shall be construed or interpreted to grant to any person or entity other than the municipality the right to commence any action for enforcement pursuant to this section.

Section 617.2 of the MPC, *added by* Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2.

11

or require this Court to not give effect to the entire statute, neither of which was intended by the General Assembly. *See* 1 Pa. C.S. § 1922. Clearly, by its plain language, the prohibition is intended to apply only to "this section," meaning section 515.3 and 617.2, pertaining to civil penalties. To interpret that prohibitory language as Ivy Lee suggests, while still allowing a private cause of action for zoning violation under section 617, would require this Court to ascribe different meanings to identical language in the MPC. We decline to do so.

Accordingly, for the foregoing reasons, we reverse the order of the trial court and remand the matter to the trial court to allow the Smith Family to pursue its claim for injunctive relief under Count II of its Amended Complaint.

_____
JULIA K. HEARTHWAY, Judge

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis L. Smith; Constance A. Smith;:    :
Sandra L. Smith; Jean Claycomb;    :
Kevin Smith; Elaine Snivley;    :
Julie Bonner; and James Smith,    :
         Appellants    :
   :
   v.    :    No. 111 C.D. 2017
   :
Ivy Lee Real Estate, LLC; George E.  :
Kensinger; Dona L. Kensinger;    :
Melvin Shoenfelt, Jr.; Lisa C.    :
Shoenfelt; Michael J. Macovitch;    :
Paula M. Dick; Roger L. Bowser;    :
Elaine K. Bowser; Erma Mae Snyder; :
Tyne N. Palazzi; Sky E. Pote; First  :
Energy Corp.; Billie Jean Emert;    :
Travis A. Keagy; James S. Frederick; :
Connie J. Frederick; Tamara J. Ogg;  :
and all other Persons Claiming any  :
Interest in the Property Described in  :
this Action    :

## O R D E R

AND NOW, this 27th day of June, 2017, the order of the Court of Common Pleas of Blair County (trial court) is hereby reversed and this matter is remanded to the trial court to allow the Appellants to pursue their claim for injunctive relief under Count II of their Amended Complaint.

Jurisdiction relinquished.

_____
JULIA K. HEARTHWAY, Judge