J-A28001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENNIS L. SMITH; CONSTANCE A. SMITH; SANDRA L. SMITH; JEAN CLAYCOMB; KEVIN SMITH; ELAINE SNIVLEY; JULIE BONNER; AND JAMES SMITH | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| | : | No. 505 WDA 2020 |
| v. | : : : | |
| IVY LEE REAL ESTATE, LLC; GEORGE E. KENSINGER; DONA L. KENSINGER; MELVIN SHOENFELT, JR.; LISA C. SHOENFELT; MICHAEL J. MACOVITCH; PAULA M. DICK; ROGER L. BOWSER; ELAINE K. BOWSER; ERMA MAE SNYDER; TYNE N. PALAZZI; SKY E. POTE; FIRST ENERGY CORP.; BILLIE JEAN EMERT; TRAVIS A. KEAGY; JAMES S. FREDERICK; CONNIE J. FREDERICK; TAMARA J. OGG; AND ALL OTHER PERSONS CLAIMING ANY INTEREST IN THE PROPERTY DESCRIBED IN THIS ACTION | : : : : : : : : : : : : : : : : : | |

Appeal from the Order Entered March 13, 2020
In the Court of Common Pleas of Blair County Civil Division at No(s):
2015 GN 3388

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 10, 2021**

Appellants, Dennis L. Smith, Constance A. Smith, Sandra L. Smith, Jean

Claycomb, Kevin Smith, Elaine Snively, Julie Bonner, and James Smith appeal

from an order entered on March 13, 2020 disposing of a claim for adverse

possession and private causes of action seeking enforcement of a local subdivision and land development ordinance (SALDO).[1] We transfer this case to Commonwealth Court.

A prior panel of this Court previously summarized the facts of this case as follows:

> [Appellants] and Ivy Lee Real Estate, LLC ("Ivy Lee") own adjacent properties in Taylor Township ("Township"). The properties are separated by a 50–foot, private right-of-way known as June Street. In 2015, Ivy Lee began converting the existing residential structure on its property to a restaurant. The Township does not have a zoning ordinance but does have a subdivision and land development ordinance ("SALDO"). Ivy Lee did not submit a proposed land development plan to the Township. The Township solicitor, however, informed Ivy Lee that the Township would not enforce the SALDO's requirements because Ivy Lee's building conversion was not "land development" under the SALDO.
>
> On October 29, 2015, [Appellants] filed an action to quiet title against Ivy Lee and a petition for preliminary injunction. On January 27, 2016, the Smiths filed an amended complaint, asserting claims for adverse possession and declaratory and injunctive relief. Specifically, the Smiths alleged that Ivy Lee's building conversion constituted "land development" under the SALDO and, thus, Ivy Lee violated the SALDO by failing to submit a land development plan to the Township.

**Smith v. Ivy Lee Real Estate, LLC**, 152 A.3d 1062, 1062–1064 (Pa. Super. 2016).

---

[1] The trial court order also dismissed a counter-claim filed by Appellees, Ivy Lee Real Estate, LLC, *et al*, as captioned above. Appellees have not appealed that decision.

The trial court examined Section 617 of the Pennsylvania Municipalities Planning Code (MPC)[2] and concluded there is no right to bring a private cause of action to enforce alleged violations of the SALDO. As such, it denied Appellants relief. *Id.* at 1064-65. Appellants appealed to this Court. Citing 42 Pa.C.S.A. § 762,[3] we "conclude[d] that the Commonwealth Court [was] better equipped to consider this issue [and] we transfer[ed] the appeal." *Id.* at 1065. Following our transfer, the Commonwealth Court determined, "the plain language of [S]ection 617 permit[ted] a private cause of action to enforce an alleged violation of any ordinance enacted under the MPC, including

_____

[2] 53 P.S. § 10617.

[3] More specifically, Section 762 of the Judicial Code provides, in pertinent part:

> **(a)** **General rule--** […T]he Commonwealth Court **shall** have **exclusive jurisdiction** of appeals from final orders of the courts of common pleas in the following cases:
>
> \*      \*      \*
>
> (4) **Local government civil** and criminal **matters**.--
>
> (i) **All actions or proceedings arising under any municipality**, institution district, public school, **planning or zoning code** or under which a municipality or other political subdivision or municipality authority may be formed or incorporated **or** where is drawn in question **the application, interpretation or enforcement of any**:
>
> \*      \*      \*
>
> (B) home rule charter or **local ordinance** or resolution[.]

42 Pa.C.S.A.. § 762(a)(4)(i)(B).

- 3 -

a SALDO." ***Smith v. Ivy Lee Real Estate, LLC***, 165 A.3d 93, 96 (Cmwlth. Ct. 2017). Accordingly, the Commonwealth Court reversed the trial court's decision and remanded the matter to allow Appellants to pursue their private claims under the SALDO, as well as, the additional asserted claims for relief. ***Id.*** at 99.

Following remand from the Commonwealth Court and after several subsequent hearings, on March 13, 2020, the trial court determined "that the SALDO d[id] not apply in this case because the [] property [at issue] and the changes to it are not the sort intended to be covered by the SALDO." Trial Court Opinion, 3/13/2020, at 8. The trial court found that minor improvements to the exterior of the building, including "the installation of a drive-thru window, a small seating area, and a parking area that had previously existed," did not constitute the type of large-scale development or subdivision of land into smaller parcels that was subject to regulation under the SALDO. ***Id.*** at 8-9.

The trial court also ruled upon Appellants' claim for adverse possession regarding June Street, the roadway between the properties. ***Id.*** The trial court noted that there was no dispute that Appellants were entitled to adverse possession, but that the parties disagreed upon how much to apportion. ***Id.*** at 10-11. Ultimately, the trial court determined that Appellants were "entitled to 20 feet and [nine] inches of the June Street roadway[.]" ***Id.*** at 11.

Finally, the trial court ruled on several of Appellants' specific private nuisance claims. First, the trial court established limitations on commercial

business vehicles using June Street. *Id.* at 13. Next, it further ordered that floodlights not impinge upon the peaceful and quiet enjoyment of neighboring residents. *Id.* at 19. However, the trial court deferred ruling on a claim pertaining to water run-off and "retain[ed] jurisdiction to accept additional testimony on this issue[.]" *Id.* at 20.

A timely appeal to this Court followed.[4] On appeal, Appellants present the following issues for our review:

---

[4] Appellants did not file post-trial motions, but filed a timely notice of appeal on Monday, April 13, 2020. *See* Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days of the entry of an order to preserve the right of appeal); 1 Pa.C.S.A. § 1908 (when last day of any period of time referred to in any statute falls on Sunday, such day shall be omitted from computation). Thereafter, Appellants and the trial court complied with Pa.R.A.P. 1925. On May 27, 2020, this Court issued a rule to show cause addressing several issues pertaining to the existence of appellate jurisdiction and the proper preservation of claims for appellate review. First, it was unclear whether the order was final and disposed of all claims, as the trial court noted it deferred ruling on a water run-off claim. Further, it was unclear whether Appellants' failure to file post-trial motions waived their appellate issues. Finally, we posited that the appeal might properly lie in Commonwealth Court, as a prior panel had determined. *See Smith v. Ivy Lee Real Estate, LLC*, 152 A.3d 1062 (Pa. Super. 2016). Appellants responded on June 8, 2020, asserting that the appeal was proper pursuant to Pa.R.A.P. 311(a)(4) (which grants immediate appellate review of an order that "grants or denies, modifies, or refuses to modify, continues or refuses to continue or dissolves or refuses to dissolve an injunction"). Appellants further asserted that post-trial motions were not required pursuant to Rule 311. Additionally, Appellants claimed that the issues involved in the prior appeal, which resulted in the transfer of the appeal to Commonwealth Court, had been resolved. Accordingly, by *per curiam* order entered on June 22, 2020, the rule to show cause was discharged and the appeal permitted to proceed. This ruling, however, was "not binding upon this Court as a final determination as to the propriety of the appeal [and

1. Whether the [t]rial [c]ourt [e]rred as a matter of law in finding that the [SALDO] did not apply to [Ivy Lee's] development where the plain language of the [o]rdinance makes the development subject to the [o]rdinance since [Ivy Lee] improved the property with a non-residential building[?]

2. Whether the [t]rial [c]ourt [e]rred as a matter of law in finding that the [SALDO] did not apply to [Ivy Lee's] development where the evidence established that the property is allocated between two existing occupants[?]

3. Whether the [t]rial [c]ourt [e]rred as a matter of law and [a]bused its [d]iscretion in failing to abate the [] unlawful expansion of the use of the easement known as June Street and the cartway thereon, even though the [trial c]ourt found that [Ivy Lee] had unlawfully expanded [its] traditional use of the easement[?]

4. Whether the [t]rial [c]ourt [e]rred as a [m]atter of [l]aw and [a]bused [i]ts [d]iscretion in failing to abate the private nuisance caused by [the] illumination of [] floodlights by failing to require [the] erect[ion of] a buffer area according to the SALDO[?]

Appellants' Brief at 6-7.

After careful review and consideration, we conclude that we lack subject matter jurisdiction over the current dispute and we once again transfer this matter to the Commonwealth Court.[5] In their first, second and fourth issues,

---

t]he parties [we]re advised that the issue may be revisited by the panel [] assigned to the case[.]" Superior Court Order, 6/22/2020.

[5] We may raise the issue of whether an appeal should be transferred *sua sponte*. **See Karpe v. Borough of Stroudsburg**, 461 A.2d 859, 860 (Pa. Super. 1983), *citing* 42 Pa.C.S.A. § 705 ("The Superior Court and the Commonwealth Court shall have power pursuant to general rules, on their own motion or upon petition of any party, to transfer any appeal to the other court for consideration and decision with any matter pending in such other court involving the same or related questions of fact, law or discretion."). As

- 6 -

as set forth above, Appellants challenge the trial court's application of the SALDO, a local ordinance. As previously explained, pursuant to Section 762(a)(4)(i)(B) of the Judicial Code, the Commonwealth Court possesses exclusive subject matter jurisdiction of local, civil matters involving all actions or proceedings arising under any municipality planning or zoning code or the application, interpretation, or enforcement of any such local ordinance. Accordingly, three of Appellants' four appellate issues fall squarely within the exclusive province of the Commonwealth Court. "[W]e find that transfer [] to the Commonwealth Court will best serve to promote the legislative intent underlying the grant of exclusive jurisdiction over this type of appeal to that court." *Wilson v. Sch. Dist. of Philadelphia*, 600 A.2d 210, 213 (Pa. Super. 1991), *citing* *Lara, Inc. v. Dorney Park Coaster Co., Inc.*, 534 A.2d 1062, 1066 (Pa. Super. 1987) ("we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court" and should avoid "the establishment of possibly conflicting lines of authority"). Moreover, the Commonwealth Court has addressed appellate claims regarding easements when intertwined with zoning or planning ordinance disputes. *See, i.e., Koresko v. Farley*, 844 A.2d 607, 610–611 (Cmwlth. Ct. 2004) (claims of unreasonable interference with an easement and alleged zoning ordinance violations decided contemporaneously by Commonwealth Court).

---

such, we reject Appellants' contention regarding an untimely objection to our jurisdiction. *See* Appellants' Reply Brief, at 9.

As such, the Commonwealth Court can also address Appellants' third issue as presented above. Thus, in order to avoid potential conflicting lines of authority, Commonwealth Court is the proper forum for all of Appellants' current appellate claims and, accordingly, we transfer the entire matter.[6]

Case transferred to Commonwealth Court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2021

---

[6] Finally, we do not express an opinion as to whether Appellants properly preserved their appellate claims *via* post-trial motions or otherwise established appellate jurisdiction by appealing from either a final order or an interlocutory order appealable as of right pursuant to the Pennsylvania Rules of Appellate Procedure.