Dennis L. Smith; Constance A. Smith; :
Sandra L. Smith; Jean Claycomb; :
Kevin Smith; Elaine Snively; Julie :
Bonner; and James Smith, :
                    Appellants :
 :
         v. : No. 299 C.D. 2021
 :
Ivy Lee Real Estate, LLC; George E. : Argued: October 8, 2024
Kensinger; Dona L. Kensinger; Melvin :
Shoenfelt, Jr.; Lisa C. Shoenfelt; :
Michael J. Macovitch; Paula M. Dick; :
Roger L. Bowser; Elaine K. Bowser; :
Erma Mae Snyder; Tyne N. Palazzi; :
Sky E. Pote; First Energy Corp.; Billie :
Jean Emert; Travis A. Keagy; James :
S. Frederick; Connie J. Frederick; :
Tamara J. Ogg; and all other persons :
claiming any interest in the property :
described in this action :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE McCULLOUGH                  FILED: November 7, 2024

        Dennis L. Smith, Constance A. Smith, Sandra L. Smith, Jean Claycomb,
Kevin Smith, Elaine Snively, Julie Bonner, and James Smith (collectively, Appellants)
appeal from the March 12, 2020 order entered by the Court of Common Pleas of Blair
County (trial court) disposing of Appellants' claims seeking: (1) to abate a nuisance
(constant traffic flow, blinding floodlights), and (2) an injunction to enjoin Ivy Lee
Real Estate, LLC (Appellee) from converting its adjacent property from a residential
use to a mixed residential (apartment) and commercial use (pizza shop), unless and

until Appellee complies with the requirements of the Taylor Township Subdivision and Land Development Ordinance (SALDO).[1]  Upon review, we affirm.

## I.    Facts and Procedural History

Appellants are the owners of a parcel of real property in Taylor Township (Township), Blair County.  Appellants' property borders a 50-foot right-of-way designated as "June Street" on the south side.  Abutting June Street on its north side is a parcel owned by Appellee.  (Reproduced Record (R.R.) at 143a).  The two parcels are separated by June Street.  *Id.* at 146a.  The property bordering Appellee's parcel on the north is owned by Appellants.  June Street has never been opened or accepted for public use by dedication and therefore exists today as a private right-of-way.  *Id.*

The parcel owned by Appellee had always been a single-family residential property.  In late 2015, Appellee began work to convert its property to a mixed-use property with a pizza shop on the first floor, a basement for storage, and a residential apartment on the second floor.  The Township does not have a zoning ordinance but does have a SALDO.  Appellee did not submit a proposed land development plan to the Township.  The Township solicitor, however, informed Appellee that the Township would not enforce the SALDO's requirements because Appellee's building conversion was not "land development" under the SALDO.[2]

---

[1] Appellants also sought to quiet title to, and asserted adverse possession of, a portion of June Street, which was not dealt with in the trial court's March 12, 2020 order.  Appellees George E. Kensinger; Dona Kensinger; Melvin Shoenfelt, Jr.; Lisa C. Shoenfelt; Michael J. Macovitch; Paula M. Dick; Roger L. Bowser; Elaine K. Bowser; Erma Mae Snyder; Tyne N. Palazzi; Sky E. Pote; First Energy Corp.; Billie Jean Emert; Travis A. Keagy; James S. Frederick; Connie J. Frederick; and Tamara J. Ogg were named as defendants only in Appellants' claim seeking to quiet title.  They have no interest in the issues on appeal before this Court.

[2] The Definitions section of the SALDO states that the term "land development" applies to the following activities: "the improvement of one lot . . . of land for any purpose involving: . . . a single non-residential building on a lot or lots regardless of the number of occupants or tenure. . . . [and] **(Footnote continued on next page…)**

2

On January 27, 2016, Appellants filed a three-count amended complaint against Appellee and the other appellees. In Count I, "Quiet Title," Appellants allege that they (along with their predecessors in interest) "have constructed and maintained a gravel road on the aforesaid June Street and the aforesaid alley since approximately 1940." *Id.* at 146a-47a. Appellants also allege that their "exclusive possession and control of the aforesaid real property is hostile and adverse to [Appellee]." *Id.* at 147a. Appellants allege that they have maintained exclusive possession of the property more than 21 years; therefore, they are entitled to fee simple ownership of the property based on adverse possession. *Id.*

In Count II, "Injunction," Appellants allege that Appellee has engaged in construction that constitutes "Land Development" under the SALDO. *Id.* at 148a. Appellants further aver that Appellee "has not submitted a land development plan as required by the SALDO" and Appellee's construction plan does not conform to the SALDO's requirements relating to customer parking, soil erosion, stormwater management, and buffer areas. *Id.* Appellants request a permanent injunction against Appellee preventing any construction unless the construction complies with the SALDO. *Id.* at 149a.

In Count III, "Declaratory Judgment," Appellants allege that the construction by Appellee "will, *inter alia*, include the blocking, altering, or destruction of the aforesaid June Street and aforesaid alley." *Id.* at 150a. Appellants additionally allege that because June Street and the alley were included in the original subdivision plan, "the subdivider created an easement in favor of [Appellants], and the predecessors and successors in interest, would forever have right to use the said rights-of-way for travel." *Id.* Appellants, therefore, seek a declaration awarding an easement, right-of-

---

where there is a "division of . . . space . . . between or among two or more existing occupants." (R.R. at 597a; SALDO, Land Development (1)(i), page 11).

way, and privilege of using June Street and the alley, permanently enjoining Appellee from blocking June Street and the alley, and requiring Appellee to return June Street and the alley to its prior condition. *Id.* Appellants further seek injunctive relief on a private nuisance theory due to stormwater runoff caused by Appellee's development and due to the installation of exterior floodlights by Appellee that shine directly into several of Appellants' bedrooms. *Id.* at 460a-61a.

Following an evidentiary hearing on January 29, 2016, the trial court issued an opinion and order on March 18, 2016, denying Appellants' request for injunctive relief to enjoin Appellee from continuing the development of its property without complying with the SALDO. The trial court examined Section 617 of the Pennsylvania Municipalities Planning Code (MPC)[3] and concluded that there was no right to bring a private cause of action to enforce alleged violations of the SALDO. Appellants appealed to this Court on that issue. This Court determined that "the plain language of [S]ection 617 permit[ted] a private cause of action to enforce an alleged violation of any ordinance enacted under the MPC, including a SALDO." *Smith v. Ivy Lee Real Estate, LLC*, 165 A.3d 93, 96 (Pa. Cmwlth. 2017). Accordingly, we reversed the trial court's decision to deny the injunction and remanded the matter to allow Appellants to pursue their private claims under the SALDO and their additional asserted claims for relief. *Id.* at 99.

Following remand, an evidentiary hearing was held on October 21, 2018, during which Appellee's owner, Brian Ayers, testified that the current use of his property as a pizza shop is non-residential. *Id.* at 846a. He also explained that his son lives in the apartment on the second floor. *Id.* at 847a.

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10617.

4

Nathan Karn, the Township's former solicitor, was called to testify and stated that in his opinion, Appellee was not required to comply with the SALDO because there was no request to subdivide or lot-merge any lots which would be one kind of definition of land development, and then secondarily because there was an existing building in place, and it was not a request to perform construction. *Id.* at 744a-45a. Mr. Karn opined that because Appellee "only wished to convert an existing residential building to a non-residential" use, there was no requirement that he comply with the SALDO. *Id.* at 745a. Further, Mr. Karn believed the language "improvement of one or two lots" in subsection I of the SALDO meant only "new construction." *Id.* In addition, Appellee offered several letters from Township employees who indicated that a land development plan was not required for the pizza shop.

James Smith testified on behalf of Appellants that he grew up in the neighborhood and has lived there since 1972. *Id.* at 300a, 301a, 789a. He testified that before Appellee converted its property into a pizza shop, June Street was a narrow stone and dirt cartway used by the neighbors to access their abutting properties. *Id.* at 301a, 790a. Appellants and their neighbors drove their passenger cars and pick-up trucks over the cartway just as anyone would to go to and from home, and a couple of times per year there may have been a fuel delivery. *Id.* at 300a-01a, 790a-92a. There was no commercial traffic or customers driving through and parking on the cartway. He testified that the pizza shop brings a lot of customers onto the cartway; the food delivery trucks come twice a week between 4 a.m. and 6 a.m.; box trucks show up with restaurant supplies; Valley Protein trucks come to haul away the restaurant grease; garbage trucks come once a week to take away the restaurant waste; and Pennsylvania Macaroni trucks come twice a week to deliver food. *Id.* at 791a-93a. A dozen or so

5

customers come even when the pizza shop is closed to see if they can buy pizza. When the shop is open there is a constant stream of vehicles using the June Street cartway. *Id.* at 794a-95a. Mr. Smith has counted up to 15 cars per hour and this occurs every day of the week when the shop is open, excluding only Mondays. *Id.* at 795a.

On cross-examination, Mr. Smith admitted that his aunt and cousins have, since 1934, operated a trucking company that is located behind his property and adjacent to Appellee's property. *Id.* at 814a.

On March 12, 2020, the trial court issued its opinion and order, denying Appellants' request to enjoin Appellee's conversion of his house to an apartment and pizza shop because the improvement to the preexisting building that is now Appellee's pizza shop is not the type of improvement contemplated by the SALDO. (Trial Ct. Op., 3/12/2020, at 8.) Relying on *Borough of Moosic v. Zoning Hearing Board of Moosic*, 11 A.3d 564, 568 (Pa. Cmwlth. 2010), the trial court found that minor improvements to the exterior of the building, including "the installation of a drive-thru window, a small seating area, and a parking area that had previously existed," did not constitute the type of large-scale development or subdivision of land into smaller parcels that was subject to regulation under the SALDO. (Trial Ct. Op., 3/12/2020, at 8-9.) It noted that Appellee's property did not meet the minimum requirements regarding design standards and setback requirements set forth in the SALDO because it was too small to comply. Furthermore, the changes to the impervious surface were less than 5,000 square feet. In addition, the trial court held that Appellee did not increase the size of its property and that the vast majority of improvements were made to the inside of the building and not on the outside, which are the type of changes contemplated by the SALDO.

The trial court also ruled upon Appellants' claim for adverse possession regarding June Street, the roadway between the properties. *Id.* The trial court noted that there was no dispute that Appellants were entitled to adverse possession, but that the parties disagreed upon how much to apportion. *Id.* at 10-11. Ultimately, the trial court determined that Appellants were "entitled to 20 feet and 9 inches of the June Street roadway[.]" *Id.* at 11.

Finally, the trial court ruled on several of Appellants' private nuisance claims. First, with regard to Appellee's June Street easement for cartway use, the trial court agreed that Appellee exceeded its use of the easement for which it was permitted when it began to use June Street for customer parking and commercial traffic. Specifically, it held that the increased commercial traffic generated by the pizza shop exceeds the previous, almost private personal vehicle uses and has caused a dramatic increase to the wear and tear of June Street as well as an inconvenience to the neighborhood due to increased traffic and obstructions that have been created by delivery trucks and customer parking. *Id.* at 12-13. Therefore, the trial court ordered that no more than four commercial trucks are permitted to utilize June Street for Appellee's business per day and may never at any time allow customers or commercial trucks to block the right-of-way. *Id.* at 13. In addition, the trial court ordered that Appellee may not use June Street for commercial use at all on Sundays. Next, it further found that the flood lights that point directly at Appellants' bedroom windows constitute a private nuisance and ordered that Appellee install lights that point downward towards the ground. *Id.* at 19. The trial court deferred ruling on Appellants' claim pertaining to water run-off and retained jurisdiction to accept additional testimony on this issue. *Id.* at 16.

7

This appeal followed.[4] On appeal, Appellants present the following issues for our review.

1. Whether the trial court erred as a matter of law in finding that the SALDO did not apply to Appellee's development.

2. Whether the trial court erred as a matter of law and abused its discretion in failing to stop Appellee's unlawful expansion of the use of June Street.

3. Whether the trial court erred as a matter of law and abused its discretion in failing to abate the private nuisance caused by Appellee's illumination of Appellants' home with flood lights by failing to require Appellee to erect a buffer area according to the SALDO.

## II. Discussion

### A. Appealability of Order

As a preliminary matter, we must address Appellee's request to quash Appellants' appeal as it directly affects this Court's jurisdiction. *See Pennsylvania Manufacturers' Association Insurance Co. v. Johnson Matthey, Inc.*, 188 A.3d 396 (Pa. 2018).

Appellee argues that Appellants' appeal should be quashed because a final order was never entered by the trial court and the trial court specifically retained jurisdiction to accept additional testimony. Appellee also argues that there is no injunctive relief at issue in this appeal because "[n]owhere in the [t]rial [c]ourt's [o]pinion of March 12, 2020 does it discuss an injunction." (Appellee's Brief, at 11). Additionally, Appellee asserts that there has never been a ruling regarding all the

---

[4] Appellants appealed to the Superior Court, which in an order dated February 10, 2021, transferred the matter to our Court pursuant to section 762(a)(4)(i)(B) of the Judicial Code, 42 Pa. C.S. § 762(a)(4)(i)(B).

8

named parties to the suit, and their rights have never been addressed. Appellee further argues that Appellants failed to file post-trial motions, therefore, their appeal was never perfected.

In response, Appellants agree that the order under review is not a final order. However, they contend that the appeal is an interlocutory appeal as of right under Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 311, which permits appeals as of right where a trial court's order is "[a]n order that grants or denies modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered." Pa.R.A.P. 311(a)(4). Appellants further argue that post-trial motions are not required where, as here, the appeal is taken pursuant to Pa.R.A.P. 311.

### 1. _Pa.R.A.P. 311(a)(4)_

Rule of Appellate Procedure 311(a)(4), governing interlocutory appeals as of right, provides:

> **(a) General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from the following types of orders:
>
> \* \* \* \*
>
> (4) _Injunctions_. An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:
>
> > (i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or
> >
> > (ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or

9

mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Pa.R.A.P. 311(a)(4).

Here, much of what Appellants requested before the trial court was injunctive relief. They requested a preliminary and permanent injunction seeking to prevent Appellee from blocking, altering, and/or destroying any portion of certain rights-of-way on June Street and to return June Street to the condition it previously existed before Appellee's work. (R.R. at 42a-44a, 150a.) In Count II of the amended complaint, they sought an injunction pertaining to Appellee's right to pursue its project without complying with the SALDO. The amended complaint specifically requested that the trial court issue an order "[p]ermanently enjoining [Appellee] from conducting any construction, land development, or other work on [its property] unless and until [Appellee] fully complies with the Taylor Township SALDO." *Id.* at 149a.

In its March 12, 2020 order, the trial court denied Appellants' request for the entry of an injunction to enjoin Appellee from continuing work until it complies with the SALDO by finding that the SALDO did not apply. It was an order that denied an injunction; therefore, it was appealable as of right under Rule 311. *See Com. ex rel. Kane v. UPMC*, 129 A.3d 441 (Pa. 2015) (portion of this Court's order determining that consent decree between nonprofit health care corporation and nonprofit medical insurance corporation, which was negotiated by Office of Attorney General, required judicial approval for any changes in business relationships between the parties governed by the decree, constituted an injunction, and therefore was an interlocutory order that was immediately appealable as of right); *Altoona Regional Health System v. Schutt*, 100 A.3d 260 (Pa. Super. 2014) (order granting regional health system injunctive relief to prevent orthopedic center from enforcing restrictive covenant of

10

orthopedic physician's employment agreement and denying center's request for injunctive relief was an interlocutory order appealable as of right).

Appellants also sought an injunction pertaining to Appellee's expansion of its easement over June Street, and Appellee's flood lights. (R.R. at 41a-84a.) The trial court's March 12, 2020 order did not completely grant Appellants all relief they requested, which is the impetus of this appeal. Thus, the order was an interlocutory matter specifically authorized for appeal as of right by Rule 311(a)(4). *Pennsylvania Orthopaedic Society v. Independence Blue Cross*, 885 A.2d 542 (Pa. Super. 2005).

Accordingly, Appellee's contention that Appellants' appeal must be quashed because the March 12, 2020 order was not an order granting or denying an injunction is without merit.

## 2. *Need for Post-Trial Motions*

Appellee correctly notes that failure to file a motion for post-trial relief results in a waiver of all issues for appellate review and requires that the appeal be dismissed. *Borough of Harveys Lake v. Heck*, 719 A.2d 378, 380 (Pa. Cmwlth. 1998). However, a motion for post-trial relief is not necessary when appealing an order granting or denying a preliminary injunction. *Lindeman v. Borough of Meyersdale*, 131 A.3d 145, 150-51 (Pa. Cmwlth. 2015). In *Wolk v. School District of Lower Merion*, 197 A.3d 730, 739 (Pa. 2018), our Supreme Court reversed this Court's quashal of an appeal from a trial court order granting an injunction for the appellants' failure to file post-trial motions where the effect of the injunction was immediate. The Supreme Court concluded that post-trial motions pursuant to Pa.R.Civ.P. 227.1 were not required because, although the trial court had held an evidentiary hearing and granted an injunction, preliminary objections to jurisdiction and standing remained unresolved,

11

and numerous claims raised by the appellee remained unresolved, such that no "decision" in the case within the meaning of Pa.R.Civ.P. 1038 and Pa.R.Civ.P. 227.1 had been issued which could have triggered the need for post-trial motions. *See also City of Philadelphia v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005) (holding that because an order entered pursuant to Pa.R.A.P. 311 is appealable as of right, post-trial motions are neither required nor permitted); *Nevyas v. Morgan*, 921 A.2d 8, 13 (Pa. Super. 2007) (explaining that "it is improper to file a motion for post-trial relief when appealing pursuant to Rule 311"); *Kennedy & Carter Construction Co. v. Barkley*, 468 A.2d 513 (Pa. Super. 1983).

Accordingly, Appellee's contention that Appellants' appeal must be quashed due to their failure to file post-trial motions is without any support in the law.


### 3. *Pa.R.A.P. 341(b)(1)*

An appeal will be available only from a final order unless otherwise permitted by statute or rule. *McCutcheon v. Philadelphia Electric Co.*, 788 A.2d 345, 350 (Pa. 2002). Rule 341(b)(1) of the Appellate Rules of Procedure states: "A final order is any order that disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). The note to Rule 341(c) states that paragraph (c) permits an immediate appeal from an order dismissing less than all parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Appellee argues that Appellants never requested permission to appeal the March 12, 2020 order even though it does not dispose of the entire case. Appellee asserts, therefore, that the appeal was filed prematurely.

As we have just held, the March 12, 2020 order is an interlocutory order appealable as of right under Pa.R.A.P. 311. Rule 311(a) specifically states that an

12

appeal may be taken as of right from an order denying an injunction "without reference to Pa.R.A.P. 341(c)." *See also* Pa.R.A.P. 311, Note ("If an order falls under Pa.R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Pa.R.A.P. 341(c) and 1311 do not apply to an appeal under Pa.R.A.P. 311."). Accordingly, we have appellate jurisdiction over Appellants' appeal of the March 12, 2020 order.

### B. Whether the SALDO applies to Appellee's Development

Turning next to the merits, Appellants first argue that the trial court erred in holding that the SALDO does not apply to Appellee's development under both clauses of the definition of "land development" under the SALDO because Appellee admitted it has improved the lot for purposes of a single non-residential building and the space is divided between two occupants, the pizza shop and an apartment.

In response, Appellee argues that the SALDO does not apply because this situation does not involve a division of space between two or more existing occupants. It maintains that only the inside of the space was divided to house the pizza shop on the ground floor and an apartment on the second floor. There is no division of the land outside. Appellee owns the entire building and leases the inside space to the owner of the pizza shop (owner's son), and to the same son he leases the second-floor apartment. According to Appellee, by definition, the SALDO does not apply because the pizza shop/apartment conversion did not involve the division or allocation of land or space among two or more existing occupants.

Not every improvement to real estate implicates a SALDO. In *Upper Southampton Township v. Upper Southampton Township Zoning Hearing Board*, 934 A.2d 1162, 1168 (Pa. 2007), our Supreme Court held that the construction of billboards does not qualify as "land development" for purposes of the MPC and the township's

13

SALDO, which contain the same definition of "land development" at issue here[5] and, therefore, did not authorize a township to require land development. The Supreme Court recognized the types of development which would trigger the land use development ordinance prerequisites are those that impact the legitimate government concerns affecting the general public such as sanitary sewer, water, storm water management, parking areas, driveways, roadways, curbs and sidewalks. It explained:

> The MPC, when viewed as a whole, clearly is intended to apply to the allocation of land in such a way that issues related to public use, water management, sewers, streets and the like must be addressed. Consistently with this focus, the case law typically involves the division of a tract of land into smaller parcels for the construction of either residential or commercial buildings. . . . We believe that it is precisely this kind of large-scale development of land, with an inevitable and concomitant effect on the public generally, that is contemplated by the MPC and the SALDO.

*Id.* at 1168.

Consistent with this focus, the case law typically involves a division of a tract of land into smaller parcels for the construction of either residential or commercial buildings. *See Kassouf v. Township of Scott*, 883 A.2d 463 (Pa. 2005) (residential subdivision); *Mountain Village v. Board of Supervisors of Longswamp Township*, 874 A.2d 1 (Pa. 2005) (a 110-unit expansion of mobile home park); *Meadows of Hanover Development, Inc. v. Board of Supervisors of South Hanover Township*, 734 A.2d 854 (Pa. 1999) (construction of homes and commercial buildings on a 221-acre tract); *Shoemaker v. Lehigh Township*, 676 A.2d 216 (Pa. 1996) (subdivision of property into 65 one-half acre residential lots); *Hart v. O'Mailley*, 676 A.2d 222 (Pa. 1996) (increase

---

[5] The definition of "land development" in the SALDO here mirrors and is identical to the definition of land development in Section 107 of the MPC. 53 P.S. § 10107(1)(ii).

in number of units in mobile home park); *Pocono Green Inc. v. Board of Supervisors of Kidder Township*, 568 A.2d 612 (Pa. 1990) (planned residential development).

In *Moosic*, this Court held that the construction of a roof over a patio that was previously approved did not transform the patio, which did not otherwise require the submission and approval of land development plans, into a patio that required such approval. Relying on *Upper Southampton Township*, we rejected the argument that the SALDO and MPC require land development approval for any improvement to property no matter how minor.

> Moreover, the borough's very broad interpretation of the SALDO and MPC as requiring land development approval for any improvement to property, no matter how minor, is inconsistent with the Supreme Court's decision in *Upper Southampton* and this Court's case law. *See Tu–Way Towers Co. v. Zoning Hearing Board of the Township of Salisbury*, 688 A.2d 744 (Pa. Cmwlth. 1997) (holding that the proposed extension or building of new towers did not constitute subdivision or land development under the MPC); *Marshall Township Board of Supervisors v. Marshall Township Zoning Hearing Board*, 717 A.2d 1 (Pa. Cmwlth. 1998) (holding that construction of a pool was not "land development" or "subdivision" within the MPC); *Kirk v. Smay*, [] 367 A.2d 760 ([Pa. Cmwlth.] 1976) (holding that the construction of a single medical office building on the grounds of a completed shopping center did not rise to the level of land development as defined in the MPC).

*Moosic*, 11 A.3d at 568-69.

Considering the above precepts, we find *Upper Southampton Township* to be controlling over the instant action. The mere fact that Appellee improved its existing residential property to include a pizza shop and an apartment does not qualify as land development for purposes of the SALDO. Much like *Upper Southampton Township*, this matter does not involve the type of extensive development that impacts a

15

community in terms of sewer capacity, water, storm water management, parking areas, driveways, roadways, curbs and sidewalks. *Upper Southampton Township*, 934 A.2d at 1168-69. The project thus does not constitute a large-scale land development or a division of land that would trigger the application of the SALDO.

Accordingly, we conclude that the trial court did not err in concluding that the SALDO does not apply to Appellee's project.

### C. Whether the Trial Court Erred in Failing to Enjoin Appellee from Expanding the Use of June Street

Appellants argue that the trial court erred by failing to abate Appellee's unlawful expansion of the use of the easement known as June Street and the cartway thereof, despite the trial court's finding that Appellee had unlawfully expanded the traditional use of the easement.

We understand that by "expanding the traditional use of the easement," Appellants mean that delivery trucks and pizza shop customers now use June Street, whereas before only residents and their visitors used the street.

An easement is limited by the use under which it is gained. *Donahue v. Punxsutawney Borough*, 148 A. 41 (Pa. 1929). If an easement is used for any purpose inconsistent with that for which it was granted, the grantee becomes a trespasser to the extent of the unauthorized use. *Biber v. Duquesne Light Co.*, 344 A.2d 628 (Pa. Super. 1975). A fundamental principle is that an easement for the benefit of a particular piece of ground cannot be enlarged and extended. The purpose of this rule is to prevent an increase of the burden upon the servient estate, and it applies whether the easement is created by grant, reservation, prescription, or implication. *Percy A. Brown Co. v. Raub*, 54 A.2d 35 (Pa. 1947). A right-of-way easement may be "used for all ordinary purposes in a reasonable manner." *Garan v. Bender*, 55 A.2d 353 (Pa. 1947); *Taylor v. Heffner*, 58 A.2d 450 (Pa. 1948).

16

In *Bodman v. Bodman*, 321 A.2d 910 (Pa. 1974), where a portion of a dominant tenement was sold and an easement was subsequently used for access to four recreational cabins built by the grantee, our Supreme Court, in finding that the increase in use by the four cabins was not an unreasonable expansion of the easement, held that normal evolution of the dominant tenement permits reasonable increases in the burden imposed upon the servient tenement.

In *Smith v. Falkroad*, 451 A.2d 738 (Pa. Super. 1982), the Superior Court found an unreasonable burden existed where a "country lane" that formerly experienced occasional, rural traffic began to be used by "dozens of heavy trucks on a daily basis" carrying "sixty tons of refuse a day." *Id.* at 739-41.

In *Leistner v. Borough of Franklin Park*, 771 A.2d 69 (Pa. Cmwlth. 2001), the trial court granted a permanent injunction barring a borough's use of a private road as public access to a community park because the use was unreasonably burdensome. In that case, a sparsely traveled one-lane dead end road used by homeowners to access their homes changed to a highly traveled road with hundreds of vehicles traversing it daily. In affirming the trial court, we held there that "[a] change from a sleepy lane to an access road to a major recreation center is not a reasonable increase in the burden imposed upon [p]roperty [o]wners as servient tenement owners and constitutes an undue burden on the private easement." *Id.* at 75.

Upon review, we disagree with Appellants that the trial court erred by refusing to enjoin Appellee's from using June Street. The record provides ample support for the trial court's ruling that Appellee's use of the road did not cause an unreasonable burden warranting an injunction. Further, the evidence showed that Appellants' cousins and aunt have historically used the road for their trucking company business. The trial court imposed several restrictions on Appellee's use of June Street

17

as a measure to lessen any harm that may have been caused. This is not a case as in *Bodman* or *Smith* where Appellee has exponentially exploded the use of the easement far past any normal or reasonable evolution of the road. Thus, we cannot conclude, based on these facts, that the trial court erred or abused its discretion in denying Appellant's request for an injunction to enjoin Appellee's use of June Street.

### D. Whether the Floodlights and Water Runoff are Private Nuisances that Must be Abated through the SALDO

Lastly, Appellants argue that the trial court properly found that the floodlights which point directly at Appellants' property and bedrooms are private nuisances and ordered Appellee to point them toward the ground. Appellants argue, however, that if this Court was to grant the relief requested by Appellants and enjoin Appellee from violating the SALDO, the flood lights would not only be pointed to the ground, but Appellee would and should also be required to abate the nuisance under Section 602.10 of the SALDO (requiring buffer areas where non-residential developments take place),[6] by providing a buffer between its property and Appellants' property. (R.R. at 629a.)

Because we find the SALDO does not apply to Appellee's conversion project, this issue fails.

For the foregoing reasons, the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] Specifically, Section 602.10 of the SALDO provides that non-residential land developments shall include, *inter alia*, a landscape buffer area with a ten-foot-wide landscaped strip along all property lines to be planted with a minimum of one shade tree (or evergreen tree) and ten shrubs per thirty-five linear feet of frontage. (R.R. at 629a.)

18

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis L. Smith; Constance A. Smith; : 
Sandra L. Smith; Jean Claycomb; :
Kevin Smith; Elaine Snively; Julie :
Bonner; and James Smith, :
             Appellants :
  :
         v. : No. 299 C.D. 2021
  :
Ivy Lee Real Estate, LLC;  George E. :
Kensinger; Dona L. Kensinger; Melvin :
Shoenfelt, Jr.; Lisa C. Shoenfelt; :
Michael J. Macovitch; Paula M. Dick; :
Roger L. Bowser; Elaine K. Bowser; :
Erma Mae Snyder; Tyne N. Palazzi; :
Sky E. Pote; First Energy Corp.; Billie :
Jean Emert; Travis A. Keagy; James :
S. Frederick; Connie J. Frederick; :
Tamara J. Ogg; and all other persons :
claiming any interest in the property :
described in this action :

## *<u>ORDER</u>*

AND NOW, this 7th day of November, 2024, the March 12, 2020 order of the Court of Common Pleas of Blair County is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge